1

2

3

4

5            UNITED STATES DISTRICT COURT

6            EASTERN DISTRICT OF WASHINGTON

7   SHIZUKO MITA, surviving spouse of
    Kay K. Mita; and FLOYD MITA,                    NO:  CV-10-129-RMP
8   individually, and as Personal
    Representative of the Estate of Kay K.          ORDER MEMORIALIZING
9   Mita;                                           COURT'S ORAL RULING
                                                    DISMISSING COMPLAINT FOR
10                        Plaintiffs,               LACK OF JURISDICTION
            v.
11
    GUARDSMARK, LLC d/b/a
12  GUARDSMARK SECURITY, a
    Delaware corporation; and COUNTY OF
13  SPOKANE, a local governmental entity;

14                        Defendants.

15
           The Plaintiffs' sole federal claim in this matter is its claim for relief under 42

16  U.S.C. § 1983.  That claim forms the sole basis for jurisdiction under 28 U.S.C. §

17  1331.  The state negligence claims are before this Court by operation of the Court's

18  supplemental jurisdiction.  *See* 28 U.S.C. § 1367.

19

20

    ORDER MEMORIALIZING COURT'S ORAL RULING DISMISSING
    COMPLAINT FOR LACK OF JURISDICTION ~ 1

In its memoranda in opposition to the Defendants' motions for summary judgment, the Plaintiffs seek to withdraw their § 1983 claim. ECF Nos. 73 at 9, 75 at 3. At a telephonic hearing set in response to this request, the Plaintiffs confirmed that they wished to withdraw the § 1983 claim. No objections have been lodged by the Defendants. The Court considers such a request as a Federal Rule of Civil Procedure 41(a)(2) motion for voluntary dismissal of the Plaintiffs' § 1983 claim and grants the motion. Accordingly, the Plaintiffs' § 1983 claim is dismissed.

The only remaining claims are state law negligence claims. As the sole claim forming the basis for original jurisdiction has been dismissed, the Court may decline to exercise jurisdiction over the pendent state law claims. § 1367(c)(3). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The record furnishes no basis for the Court to deviate from the usual course of action in this case. Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiffs' remaining claims.

/ / /

/ / /

ORDER MEMORIALIZING COURT'S ORAL RULING DISMISSING
COMPLAINT FOR LACK OF JURISDICTION ~ 2

Therefore, **IT IS HEREBY ORDERED:**

**1.** The above-caption action is **DISMISSED WITHOUT PREJUDICE** for

lack of subject matter jurisdiction.

**2.** All pending motions are **DENIED AS MOOT**.

**3. JUDGMENT** shall be entered.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to

provide copies to counsel, and to **CLOSE** this file.

**DATED** this 9th of February 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER MEMORIALIZING COURT'S ORAL RULING DISMISSING
COMPLAINT FOR LACK OF JURISDICTION ~ 3